UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RUDOLPH ROSSI,

                Petitioner,

-against-

ISRAEL RIVERA,

                Respondent.
-----------------------------------------------------------X

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

06-CV-1001 (ARR)

MEMORANDUM
AND ORDER

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ APR 17 2006 ★
BROOKLYN OFFICE

ROSS, United States District Judge:

By petition dated January 13, 2006, *pro se* petitioner RUDOLPH ROSSI, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court has conducted an initial consideration of this petition and, for the reason set forth below, directs petitioner to submit an affirmation to show cause why the petition should not be dismissed.

Background

Petitioner challenges a 1987 conviction for criminal sale of a controlled substance and criminal possession of a weapon in the third degree before the New York Supreme Court, Kings County. Petitioner was sentenced on October 13, 1987, to two and one half to seven and one half years imprisonment.[1] See Petition at 1; Attachment to Petition at unmarked p.5. Petitioner pled guilty and no appeal was filed. Id. In 1991, petitioner was convicted of murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree; he was sentenced to 25 years

---

[1] When a petitioner's sentence for a conviction has fully expired, the conviction may not be challenged because the petitioner is no longer "in custody" pursuant to that conviction. Lackawanna County Dist. Attorney v. Coss, 532 U.S. 294, 401-02 (2001); Maleng v. Cook, 490 U.S. 488, 490 (1989). However, "the 'in custody' requirement for federal habeas jurisdiction" is satisfied when a *pro se* petition, liberally construed, "can be read as asserting a challenge to [a current] sentence[], as enhanced by [an] allegedly invalid prior conviction." Maleng, 490 U.S. at 493-94.

1

to life imprisonment. People v. Rossi, 210 A.D.2d 511 (2d Dep't 1994), *appeal denied*, 85 N.Y.2d 979 (1995). Petitioner challenged the 1991 conviction by filing a petition for a writ of habeas corpus which this court denied on December 8, 1998. Rossi v. Bennett, No. 97-CV-2414 (ARR), slip op. (E.D.N.Y. Dec. 8, 1998).

Discussion

With the passage of the AEDPA on April 24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D); see also Lindh v. Murphy, 521 U.S. 320, 327 (1997). Under subsection (A),[2] the instant petition appears untimely. Petitioner was sentenced on October 13, 1987 and did not appeal. "Prisoners like [Rossi] whose convictions became final prior to the AEDPA's effective date of April 24, 1996, have a one-year grace period in which to file their habeas corpus petitions, or until April

---

[2]Petitioner does not state any facts which suggest that subsections (B) or (C) are applicable.

2

24, 1997." Smith v. McGinnis, 208 F.3d 13, 15 (2d Cir.) (*per curiam*) (citing Ross v. Artuz, 150 F.3d 97, 100-03 (2d Cir. 1998)). The instant petition, dated January 13, 2006, was filed nearly nine years after the grace period expired.

Tolling

In calculating the one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). The post-conviction proceeding, however, does not start the one-year period to run anew. Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation. Smith, 208 F.3d at 16.

Here, petitioner filed a post-conviction motion to vacate his conviction under N.Y. Crim. Proc. Law § 440 ("440 motion"), which was denied on July 28, 2005. See Petition at 3-4. While petitioner does not provide the date he filed the 440 motion, the motion would not qualify for statutory tolling unless it was filed before the grace period expired on April 24, 1997. Because there is nothing in the petition or accompanying papers to suggest that the 440 motion was filed with the state court before the grace period expired, the 440 motion cannot serve to toll the limitations period under § 2244(d)(2).

The limitations period may be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Id. at 17. As currently presented, the court sees no basis for applying equitable tolling. Petitioner does not provide facts to show that extraordinary circumstances prevented him from filing the instant petition on time and that he acted with reasonable diligence.

3

Conclusion

The court hereby directs petitioner to show cause by written affirmation, within 30 days from entry of this order, why the court should not dismiss his petition as time-barred under the AEDPA. Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000). In the affirmation, petitioner should include any facts, including all relevant dates, which would support statutory or equitable tolling as set forth above. No answer shall be required at this time and all further proceedings shall be stayed for 30 days or until the petitioner has complied with this order. If petitioner fails to comply with this order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

SO ORDERED.

ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
April 13 , 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X
RUDOLPH ROSSI,

                Petitioner,                      **PETITIONER'S**
                                                         **AFFIRMATION**

-against-

                                                         **06-CV-1001 (ARR)**

ISRAEL RIVERA,

                Respondent.
_____X

STATE OF _____ }
COUNTY OF _____ } SS:

RUDOLPH ROSSI, appearing *pro se*, makes the following affirmation under the penalties of perjury:

    I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's order dated _____. The instant petition should not be time-barred by the one-year period of limitation because _____

_____

_____

_____

_____

_____

_____

_____

_____

1

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

                                                                       _____
Signature & Identification Number

                                                                       _____
Address

                                                                       _____

                                                                       _____
City, State & Zip Code

**Service List:**

    **Petitioner:**
    Rudolph Rossi, *pro se*
    87A9513
    Coxsackie Correctional Facility
    Route 9W
    PO Box 999
    Coxsackie, NY 12051

cc:    I. Alexei Martinez, Pro Se Office, U.S. District Court E.D.N.Y.