UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                :

RUDOLPH ROSSI,
              Petitioner,

    -against-

ISRAEL RIVERA,
              Respondent.

------------------------------------------------------------------ X

06 CV 1001 (ARR)

NOT FOR
ELECTRONIC OR PRINT
PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

Petitioner Rudolph Rossi filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 6, 2006. By order dated April 13, 2006, petitioner was directed to show cause by affirmation why his petition for a writ of habeas corpus should not be dismissed as time-barred. Petitioner's affirmation, received on May 18, 2006, fails to demonstrate that the instant petition is timely or that equitable tolling is warranted. Therefore, the petition is dismissed as time-barred.

**BACKGROUND**

In the instant petition, petitioner challenges his 1987 conviction, pursuant to a guilty plea, for criminal sale of a controlled substance and criminal possession of a weapon in the third degree before the New York Supreme Court, Kings County. See Petition, 1; State Court Verdict Sheet (hereinafter "Verdict Sheet"), submitted with Ex. A to Petition. On October 13, 1987, petitioner was sentenced to two and a half to seven and a half years imprisonment. See Petition, 1; Verdict Sheet. Petitioner did not appeal this conviction. Id.

In April 1989, while in a work-release program, petitioner was involved in an argument and gunfight. See Gillespie Affirmation in Opp'n to Mot. to Vacate J., ¶¶13-14, submitted as Ex. B to Petition. In March 1991, petitioner was convicted of murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree. See id. at ¶16. At sentencing, petitioner did not contest his prior felony conviction; he was adjudicated a second violent felony offender and sentenced to 25 years to life imprisonment. See id. at ¶17; People v. Rossi, 210 A.D.2d 511 (2d Dep't 1994), appeal denied, 85 N.Y.2d 979 (1995). Petitioner's petition for writ of habeas corpus challenging his 1991 conviction was denied by this court in December 1998. See Rossi v. Bennett, E.D.N.Y. No. 97-CV-2414 (ARR). Petitioner is currently incarcerated pursuant to this 1991 conviction.[1]

In February 2005, petitioner filed a Motion to Vacate Judgment pursuant to C.P.L. § 440.10 in the New York Supreme Court for Kings County, challenging his 1987 conviction. See Motion to Vacate Judgment, submitted as Ex. A to Petition. This motion was denied on July 28, 2005. See Decision & Order, Indictment No. 2995/86 (N.Y. Sup. Ct., Kings Co., July 28, 2005), submitted as Ex. D to Petition. Petitioner was denied leave to appeal to the Appellate Division, Second Judicial Department Application on October 19, 2005. See Decision & Order on Application, Indictment No. 2995/86 (N.Y. App. Div., Oct. 19, 2005), submitted as Ex. D to Petition. His application to appeal to the Court of Appeals was dismissed on December 9, 2005.

---

[1]When a petitioner's sentence for a conviction has fully expired, the conviction may not be challenged because the petitioner is no longer "in custody" pursuant to that conviction. See Lackawanna County Dist. Att'y v. Coss, 532 U.S. 294, 401-02 (2001); Maleng v. Cook, 490 U.S. 488, 490 (1989). However, this "'in custody' requirement for federal habeas jurisdiction" is satisfied when a *pro se* petition, liberally construed, "can be read as asserting a challenge to [a current] sentence[], as enhanced by [an] allegedly invalid prior conviction." Maleng, 490 U.S. at 493-94.

<u>See</u> Certificate Dismissing Application, Indictment No. 2995/86 (N.Y., Dec. 9, 2005), <u>submitted</u> <u>as</u> Ex. D to Petition.


## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act"), signed into law on April 24, 1996, created a one year statute of limitations for petitioners to file for writs of habeas corpus. 28 U.S.C. § 2244(d)(1). The one year period runs from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Individuals such as petitioner, "whose convictions became final prior to the AEDPA's effective date of April 24, 1996, have a one-year grace period in which to file their habeas corpus petitions, or until April 24, 1997." <u>Smith v. McGinnis</u>, 208 F.3d 13, 15 (2d Cir. 2000) (per curiam) (citing <u>Ross v. Artuz</u>, 150 F.3d 97, 100-03 (2d Cir. 1998)).

Petitioner seeks to challenge his 1987 conviction. Because this conviction became final prior to the enactment of AEDPA, petitioner had a one-year grace period, until April 24, 1997, to

file a timely petition for writ of habeas corpus. See Smith, 208 F.3d at 15. The instant petition was not filed until March 2006, and was therefore untimely.

## Statutory Tolling

Petitioner has failed to present any facts which could support an argument for statutory tolling. Under 28 U.S.C. § 2244(d)(2), both the one-year statute of limitation and the one-year grace period are tolled during the pendency of any properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim. Although petitioner filed a motion to vacate judgment under § 440.10 in February 2005, the tolling provision under § 2244(d)(2) applies only if petitioner's post-conviction motion was pending within the one-year statute of limitations period or grace period. See id. at 16. Here, petitioner's post-conviction motion was filed more than seven years after the grace period ended. Therefore, statutory tolling does not apply.

## Equitable Tolling

Petitioner has also failed to demonstrate that equitable tolling should apply to defeat the statute of limitations in this case.

The Court of Appeals for the Second Circuit has held that equitable tolling should be applied only in "'rare and exceptional circumstances.'" Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005) (quoting Smith, 208 F.3d at 17). To qualify for equitable tolling, a petitioner "must establish that 'extraordinary circumstances prevented him from filing his petition on time,' and that he 'acted with reasonable diligence throughout the period he seeks to toll.'" Doe v.

4

Menefee, 391 F.3d 147, 159 (2d Cir. 2004), cert. denied, 126 S. Ct. 489 (2005) (quoting Smith, 208 F.3d at 17). Equitable tolling "requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000).

Petitioner claims that he should benefit from equitable tolling because he is "actually innocent" and only pled guilty because he was misled by his trial counsel, and therefore a "Fundamental Miscarriage of Justice would occur if [he was] not afforded an opportunity to address [his] constitutional claims of a substantial violation of [his] right to counsel and due process." Pet'r's Affirmation, 1 (May 18, 2006). Specifically, petitioner suggests that the AEDPA statute of limitations should be tolled in his case under an extension of the "actual innocence" theory.

Petitioner alleges that his guilty plea was not knowing and voluntary because his "trial lawyer's representation was so inadequate and below reasonable professional conduct as to amount to no counsel at all in violation of the Sixth Amendment." Id. at 10. Petitioner believes that his claims of ineffective assistance of counsel should operate to "restore[] [t]he 'presumption of innocence'" in his case, because counsel's ineffectiveness resulted in "the total failure of the required adversarial testing required by the Constitution," and therefore "cast[s] substantial doubt" on the validity of his conviction. Id. at 12. Petitioner suggests that this "restor[ation of] the 'presumption of innocence'" is equivalent to a showing of actual innocence, and should

5

therefore "satisfy the 'gateway' requirement of <u>Schlup [v. Delo</u>, 513 U.S. 298 (1995)]'s ruling." <u>Id.</u>

The Second Circuit has "previously declined to rule on whether 'the Constitution requires an 'actual innocence' exception to [the] AEDPA's statute of limitations." <u>Whitley v. Senkowski</u>, 317 F.3d 223, 225 (2d Cir. 2003) (quoting <u>Lucidore v. New York State Div. of Parole</u>, 209 F.3d 107, 114 (2d Cir. 2000), <u>cert. denied</u>, 531 U.S. 873 (2000)). However, the Second Circuit has stated that, if actual innocence does provide a basis for tolling the limitations period, courts should evaluate whether a petitioner has made a credible showing of actual innocence based upon the "delineation of the evidentiary showing necessary to demonstrate actual innocence" in <u>Schlup v. Delo</u>, 518 U.S. 298 (1995). <u>Doe</u>, 391 F.3d at 161. Under this standard, petitioner would be required to present "'new reliable evidence - whether it be exculpatory scientific evidence, trustworthy accounts, or other critical physical evidence - that was not presented at trial.'" <u>Id.</u> (quoting <u>Schlup</u>, 513 U.S. at 324). If petitioner presented such evidence, the court would weigh that evidence against all the evidence pointing to petitioner's guilt to determine whether "it is 'more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt.'" <u>Id.</u> at 162 (quoting <u>Schlup</u>, 513 U.S. at 327).

The court concludes that petitioner's assertion that his plea was not knowing and voluntary due to his counsel's ineffectiveness is not "new reliable evidence" within the meaning of <u>Schlup</u>. Petitioner has not presented any evidence that suggests that he is "actually innocent" of the crimes of which he was convicted. Rather, petitioner has merely argued that "the presumption of innocence" should be restored due to the alleged ineffectiveness of his trial

counsel. This suggestion falls far short of the evidentiary showing necessary to demonstrate actual innocence under Schlup.

Furthermore, even if petitioner had managed to demonstrate that he fell into the extraordinary class of "actually innocent" petitioners, he would be ineligible for equitable tolling because he cannot show that he acted with reasonable diligence throughout the period he seeks to toll. See Smith, 208 F.3d at 17. Petitioner has presumably been aware of the facts of which he complains – his trial counsel's failure to meet with him, interview him, and investigate the situation – since he pled guilty in 1987. However, he failed to challenge his conviction through the direct appeals process, and also failed to contest the validity of this conviction when he was sentenced as a second felony offender in 1991. The court therefore finds that petitioner did not act with reasonable diligence.


**Suspension Clause**

Finally, petitioner suggests that application of the AEDPA statute of limitations to bar review of his petition would violate the suspension clause because this is his first habeas petition (related to this conviction) and there is no statute of limitations on a motion to vacate the judgment of conviction under N.Y. C.P.L. § 440.10. Pet'r's Affirmation, 16. However, the Second Circuit has previously concluded that "because AEDPA's one-year statute of limitations leaves habeas petitioners with some reasonable opportunity to have their claims heard on the merits, the limitations period does not render the habeas remedy 'inadequate or ineffective to test the legality of detention,' and therefore does not per se constitute an unconstitutional suspension of the writ of habeas corpus." Lucidore v. New York State Div. of Parole, 209 F.3d 107, 113 (2d

7

Cir. 2000) (quoting Rodriguez v. Artuz, 161 F.3d 763, 764 (2d Cir. 1998) (per curiam)).

Although the Rodriguez court left open the possibility that the AEDPA statute of limitations

might, in some "rare case," render the habeas remedy inadequate or ineffective, petitioner has not

demonstrated that his case presents that dilemma. See Rodriguez v. Artuz, 990 F. Supp. 275,

283 (S.D.N.Y. 1998), aff'd, 161 F.3d 763 (2d Cir. 1998). As discussed above, petitioner has not

demonstrated that any extraordinary circumstances prevented him from filing his petition within

the statute of limitations. Therefore, the Court concludes that the statute of limitations does not

constitute a suspension of the privilege of the writ as defined by Article I.


**Conclusion**

Because petitioner has failed to demonstrate that the AEDPA statute of limitations should

be tolled for statutory or equitable reasons, the instant petition is dismissed as time-barred. A

certificate of appealability shall not issue because petitioner has not made a substantial showing

of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Lozada v. United States, 107

F.3d 1011 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255,

259-60 (2d Cir. 1997). The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.


_____

Allyne R. Ross
United States District Judge


Dated: July 21, 2006
       Brooklyn, New York

**Service List**:

Rudolph Rossi, *pro se*
87A9513
Sullivan Correctional Facility
P.O. Box 116
Fallsburg, NY 12733-0116